UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD R. QUINT,
  Plaintiff,

  v.                Case No. 3:23-CV-226 (VAB)

C/O ROBINSON, et al.,
  Defendants.

**RULING AND ORDER ON MOTION TO DISMISS**

Before the Court is Defendants' motion to dismiss. ECF No. 17.

For the following reasons, the motion to dismiss, ECF No. 17, is **GRANTED without prejudice**.

Although there appears to be no basis for filing an Amended Complaint, to the extent that the Plaintiff can show that he, in fact, exhausted his administrative remedies, and can allege facts as to his exhaustion of these administrative remedies, then he may file an Amended Complaint by **July 5, 2024**.

If an Amended Complaint is not filed by **July 5, 2024**, or an Amended Complaint is filed by that date, but does not allege facts as to his exhaustion of his administrative remedies, then this case will be dismissed with prejudice.

**I.  BACKGROUND**

Plaintiff Richard Quint, a pre-trial detainee in the State of Connecticut Department of Correction, filed a *pro se* Complaint under 42 U.S.C. § 1983. ECF No. 1 ¶ 4. Mr. Quint alleged that Correctional Officer Robinson issued a disciplinary report for making threats and then

placed Mr. Quint in the Restrictive Housing Unit ("RHU") on January 1, 2023. ECF No. 1 ¶¶ 6–7. Mr. Quint maintained that Lieutenant Pierson kept him in the RHU until January 6, 2023, when Mr. Quint was released from the RHU without a disciplinary hearing. *Id.* ¶ 7. Mr. Quint claimed that being placed in the RHU without a disciplinary hearing violated his right to due process under the Fourteenth Amendment. *Id.* ¶¶ 1, 7.

The Court issued an order for Mr. Quint to show cause why his case should not be dismissed for failure to exhaust his available administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA"). ECF No. 9. Mr. Quint filed a response, indicating that "[d]iscplinary reports are not grievable" and that "[d]iscplinary reports are appealable when they are not disposed of prior to hearing." ECF No. 10 at 1. The Court entered an initial review order acknowledging Mr. Quint's response to the order to show cause and permitting Mr. Quint's Fourteenth Amendment claim to proceed. *See* ECF No. 11 at 1–3.

Defendants moved to dismiss under Fed R. Civ. P. 12(b)(6), arguing that Mr. Quint failed to exhaust his administrative remedies before filing his complaint. *See* ECF No. 17-1 at 1. Mr. Quint filed no response.

The Court filed an order to show cause requiring Mr. Quint to respond to the motion to dismiss and explain why he did not respond before the court-ordered deadline. *See* ECF No. 19. Mr. Quint filed an "objection" to the Defendants' motion to dismiss, merely stating that he "does hereby object to motion to dismiss by the defendants" but offering nothing more. *See* ECF No. 21.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint if a plaintiff "fail[s] to state a claim on which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is facially plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints should be construed "with 'special solicitude' and interpreted to raise the 'strongest [claims] that they suggest.'" *Gordon v. Palumbo*, 377 F. Appx. 39, 40 (2d Cir. 2010) (citation omitted).

## III. DISCUSSION

A plaintiff cannot bring an action "with respect to prison conditions under section 1983 . . . or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). A court can dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted if a plaintiff does not properly exhaust his or her administrative remedies. *See, e.g., Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (noting that "a district court still may dismiss a complaint for failure to exhaust

3

administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement"). Defendants move the Court to dismiss on this ground because Mr. Quint did not exhaust his administrative remedies before filing his complaint. *See* ECF No. 17-1 at 1.

"When a motion is premised on the plaintiff's failure to exhaust all administrative remedies, the court considers whether exhaustion is clear from the face of the complaint and incorporated documents." *Nelson v. Deming*, 140 F. Supp. 3d 248, 264 (W.D.N.Y. 2015) (citation omitted). This is because "failure to exhaust is an affirmative defense in a lawsuit governed by the PLRA." *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009) (citation omitted). "If non-exhaustion is clear, the motion to dismiss should be granted." *Nelson v. Deming*, 140 F. Supp. 3d at 264; *see also Williams*, 829 F.3d at 122 ("[A] district court . . . may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.").

From the face of the Complaint and the documents incorporated within it, Mr. Quint has not exhausted his administrative remedies. Mr. Quint provided no evidence of exhaustion in his Complaint. *See generally* ECF No. 1. When the Court ordered Mr. Quint to "explain[] what steps he took to exhaust his remedies before filing his Complaint in this action," ECF No. 9, Mr. Quint responded that "[d]iscplinary reports are not grievable." ECF No. 10 at 1. But, as Defendants explain in their motion, *see* ECF No. 17-1 at 5–6, that is not true.

The State of Connecticut Department of Correction contains a "three-tiered grievance procedure set forth in Connecticut Department of Corrections Administrative Directive 9.6." *Dean v. Iozzia*, No. 20-729, 2022 WL 619693, at *1 (2d Cir. Mar. 3, 2022). The inmate must

first "file a 'Level 1' grievance after attempting informal resolution with staff." *Id.* "Then, if the grievance is denied or rejected, or if no response is received within 30 business days, the inmate may appeal to Level 2." Lastly, "a prisoner may escalate his grievance to Level 3 if he does not receive a Level 2 decision within 30 business days." *Id.*

Mr. Quint never attempted to file a Level 1 grievance because he maintains that "[d]iscplinary reports are not grievable." ECF No. 10 at 1. But disciplinary reports are grievable. Administrative Directive 9.6 § 1, which is available on the Department of Correction website,[1] provides that "The Department of Correction shall provide a means for an inmate to seek formal review of an issue relating to any aspect of an inmate's confinement that is subject to the Commissioner's authority." The "Commissioner's authority" extends to "administer[ing], coordinat[ing] and control[ling] the operations of the department" and maintaining "responsib[ility] for the overall supervision and direction of all institutions, facilities and activities of the department." Conn. Gen. Stat. Ann. § 18-81. Thus, the Department of Correction must and does provide a means for prisoners, such as Mr. Quint, to seek formal review of staff actions, which would fall under the Commissioner's responsibility to supervise the direction of all activities in the prison. *See id.*

---

[1] The Court can take judicial notice of the State of Connecticut Administrative Directives on the Department of Correction's website. *See Nicholson v. Murphy*, No. 3:02-cv-1815 (MRK), 2003 WL 22909876, at *7, n.2 (D. Conn. Sept. 19, 2003) (citation omitted) (taking judicial notice of the Administrative Directives as "written guidelines, promulgated pursuant to Connecticut General Statutes § 18-81, that establish the parameters of operation for Connecticut correctional facilities").

That review mechanism is contained within Administrative Directive 9.6, which indicates in relevant part that "Complaints alleging retaliation or misconduct other than sexual abuse or sexual harassment must follow the Administrative Remedies Procedure outlined in this Directive." *See* § 9.6(8)(a). In other words, if an inmate takes issue with staff misconduct—for being placed in the RHU without due process, for example—he or she must grieve that issue using the steps outlined in Administrative Directive 9.6. If an inmate does not comply with "an agency's deadlines and other critical procedural rules," such as those contained in Administrative Directive 9.6, he or she has not properly exhausted the available administrative remedies. *Woodford*, 548 U.S. at 90–91. If that is the case, the Court can dismiss his Complaint for failure to state a claim upon which relief granted because he has not properly exhausted his administrative remedies under the PLRA before filing suit. *See Williams*, 829 F.3d at 122 ("[A] district court . . . may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement."). That is the case here.

Mr. Quint did not attempt to exhaust his administrative remedies because he thought that "[d]iscplinary reports are not grievable." ECF No. 10 at 1. But Administrative Directive 9.6, which governs the grievance process in Mr. Quint's prison, not only permits, but requires, inmates to grieve staff misconduct—such as placing a prisoner in the RHU without due process. *See, e.g.*, *Cicio v. Wenderlich*, 714 F. Appx. 96, 98 (2d Cir. 2018) ("[T]he plain language of the PLRA forecloses his claim that he did not need to exhaust administrative remedies before bringing an action . . . under Section 1983."). Mr. Quint did not follow the grievance steps outlined in Administrative Directive 9.6 before filing his *pro se* lawsuit.

6

Accordingly, he has failed to exhaust the available administrative remedies, and his Complaint will be dismissed under Fed. R. Civ. P. 12(b)(6).

IV.     **CONCLUSION**

For the foregoing reasons, the motion to dismiss, ECF No. 17, is **GRANTED without prejudice**.

Although there appears to be no basis for filing an Amended Complaint, to the extent that the Plaintiff can show that he, in fact, exhausted his administrative remedies, and can allege facts as to his exhaustion of these administrative remedies, then he may file an Amended Complaint by **July 5, 2024**.

If an Amended Complaint is not filed by **July 5, 2024**, or an Amended Complaint is filed by that date, but does not allege facts as to his exhaustion of his administrative remedies, then this case will be dismissed with prejudice.

Mr. Quint's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**SO ORDERED** at New Haven, Connecticut, this 31st day of May, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE